IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

L.D., by her Next Friends,            )
Travis and Geneva Dial,               )
                                      )
                    Plaintiff,        )
                                      )
        v.                            )     No. 05-4282-CV-C-WAK
                                      )
OSAGE R-1 SCHOOL DISTRICT, et al.,    )
                                      )
                    Defendants.       )

## ORDER

On November 3, 2005, defendants filed a partial motion to dismiss. Plaintiff responded to the motion and concedes that certain claims against some of the defendants may be properly dismissed. Plaintiff objects, however, to dismissal of the punitive damage claims against defendant Osage R-2 School District in Count I under Title IX.

A claim should not be dismissed under Fed. R. Civ. P. 12 (b) (6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. *Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984); *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993).

Plaintiff was a student formerly enrolled at an Osage R-1 school who claims she was subjected to continuous sexual harassment by defendant Ebersold. She asserts that when her parents requested the harassment to stop, she was subjected to retaliation. Further, plaintiff states that no corrective action was taken and the harassment and retaliation continued after plaintiff's parents notified appropriate school and district officials.

At issue for purposes of defendants' motion is whether plaintiff's punitive damages claim against defendant Osage R-1 School District should be dismissed for failure to state a claim. The issue of punitive damages against a school district under Title IX has not been directly addressed by the Supreme Court or the Eighth Circuit. At least three lower courts in

this circuit, however, have held punitive damages are not available under Title IX. See Schultzen v. Woodbury Central Community School District, 187 F. Supp. 2d 1099 (N. D. Iowa 2002); Morlock v. West Cent. Educ. District, 46 F. Supp. 2d 892 (D. Minn. 1999); and Doe v. Omaha Public School District, 2005 WL 2347284 (D. Neb. Sept. 26, 2005). In those cases, the courts found it persuasive that municipalities are generally immune from punitive damages, Title IX does not expressly provide statutory authority for awarding punitive damages, and/or there are no published indicia of a congressional intent to extend punitive damages liability to municipalities under Title IX.

The court acknowledges plaintiff's assertions that the issue is not well settled and that some courts have permitted punitive damages under Title IX. The cases cited by plaintiff, however, are from lower courts in other circuits and are less persuasive. Thus, in the absence of express language in the statute, or controlling case law in this circuit, permitting punitive damages under Title IX, defendants' motion to dismiss on this issue is granted.

Accordingly, it is

ORDERED that the following of plaintiff's claims are dismissed:

1) the claims against defendant Osage R-1 School District for negligent supervision in Count V;

2) the claims against defendants Ridgeway, Strobel and Ebersold in Count I under Title IX;

3) the punitive damage claims against defendant Osage R-1 School District in Count II under 42 U.S.C. § 1983;

4) the official capacity claims against defendants Ridgeway, Strobel and Ebersold in Count II under 42 U.S.C. § 1983; and

5) the punitive damages claims against defendant Osage R-1 School District in Count I under Title IX. [8]

Dated this 29th day of November, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge